[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

--------------------

**No. 04-14356**

--------------------

BIA No. A95-552-332

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 21, 2005
THOMAS K. KAHN
CLERK

JUAN CARLOS RUANO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

--------------------

**Petition for Review of an Order of the
Board of Immigration Appeals**

--------------------

**(December 21, 2005)**

**Before DUBINA and KRAVITCH, Circuit Judges, and STROM\*, District
Judge.**

**PER CURIAM:**

_____
\*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska, sitting by
designation.

Juan Carlos Ruano petitions this court for review of the Board of Immigration Appeals's ("BIA") final order which affirmed the Immigration Judge's ("IJ") decision to deny Ruano asylum and withholding of removal.

The issue presented in the petition is whether Ruano provided substantial evidence of past persecution entitling him to a presumption of future persecution.

In *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), *cert. denied*, 125 S. Ct. 2245 (2005), this court set forth the standard of review regarding the substantial-evidence test in immigration cases:

> This court reviews administrative fact findings under the highly deferential substantial evidence test. *Farquharson v. United States Att['] y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001); *Lorisme v. INS*, 129 F.3d 1441, 1444-45 (11th Cir. 1997). Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision.
>
> We "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *[Al] Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quoting *Lorisme*, 129 F.3d at 1444-45). Thus, we do not engage in a de novo review of factual findings by the BIA. Similarly, we cannot find, or consider, facts not raised in the administrative forum, nor can we "'reweigh the evidence from scratch.'" *Mazariegos v. United States Att['] y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (quoting *Lorisme*, 129 F.3d at 1444-45); *see also [Al] Najjar*, 257 F.3d at 1278 ("Courts of appeal sit as reviewing bodies to engage in highly deferential review of BIA and IJ determinations. . . .

Commensurate with this role, we cannot engage in fact-finding on appeal, nor may we weigh evidence that was not previously considered below."). In sum, findings of fact made by administrative agencies, such as the BIA, may be reversed by this court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings. *Farquharson*, 246 F.3d at 1320 ("To reverse a factual finding by the BIA, this Court must find not only that the evidence supports a contrary conclusion, but that it compels one."); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."); *Kenyeres v. Ashcroft*, 538 U.S. 1301, [1306],123 S. Ct. 1386, 1388, 155 L. Ed. 2d 301 (2003) ("A reviewing court must uphold an administrative determination in an immigration case unless the evidence compels a conclusion to the contrary.").

386 F.3d at 1026-27.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we are unable to review adequately the petition because of the lack of specific findings on past persecution made by the IJ. Accordingly, we vacate the BIA's order and remand this case to the IJ with directions to make explicit findings about whether Ruano established past persecution and the applicability of a presumption of a future threat to Ruano's life or freedom.

**VACATED and REMANDED.**